[Crim. No. 3836.   Second Dist., Div. Two.   Nov. 10, 1944.]

THE PEOPLE, Respondent, v. PHYLLIS STEPHENS, Appellant.

Philip S. Schutz for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan and Robert Wheeler, Deputies District Attorney, for Respondent.

WOOD (W. J.), J.—Appellant Stephens and defendants LeClerc and Martinez were charged by information with the crime of robbery, it being alleged that on March 12, 1944, in the city of Los Angeles they forcibly took the sum of $21 from the person of Lorenzo C. Ramos. At a trial before the court without a jury all three defendants were found guilty and thereafter defendant Stephens appealed from the judgment of conviction.

Appellant contends that the testimony of the complaining witness, Ramos, ''is so improbable as to amount to no evidence at all.'' Ramos testified that at about 2:45 in the morning of March 12, 1944, on Temple Street near Figueroa Street defendant LeClerc asked him for a cigarette . . . LeClerc took a package of cigarettes with one hand and with the other hand pointed a gun directly at Ramos and ordered him to put his hands up. At that time appellant and the other defendant, Martinez, came over to where Ramos and LeClerc were standing and Martinez also pointed a gun at Ramos. Appellant then reached into Ramos' pocket while the victim's hands were up and took the sum of $21 in currency. All of the defendants then departed, LeClerc running down Figueroa Street toward First Street. Ramos followed LeClerc for about two blocks to a hotel and then went and reported the matter at the police station. Ramos returned with police officers, who arrested LeClerc and took a gun from his person. This weapon was identified by Ramos as being similar to the one used by LeClerc at the time of the robbery.

In arguing that the testimony of Ramos is inherently improbable appellant depends upon the contention that there were inconsistencies in the testimony of Ramos and that it was contradicted by other witnesses, who testified that Ramos and the three defendants had been together in a café or elsewhere at about the time Ramos stated that the robbery took place. The questions involving the alleged inconsistencies in Ramos' testimony and the credibility to be given the

witnesses for the defense were directed to the trial judge, who decided them in favor of the prosecution when the defendants were found guilty. ▇ This court cannot apply the rule of reasonable doubt in its consideration of the evidence but it must affirm the findings of the trial court when, as here, there is sufficient evidence to justify the findings. ▇ The reviewing court may not reverse a judgment of conviction merely because the testimony of the complaining witness discloses circumstances which are unusual. To justify a reversal upon the ground specified by appellant it must hold that the testimony of the complaining witness is "so . . . inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment." (*People* v. *Moreno*, 26 Cal.App.2d 334, 336 [79 P.2d 390].) ▇ We find nothing inherently improbable in the testimony of the complaining witness in this case.

▇ There is no merit in appellant's contention that she should have been acquitted of the charge because of her intoxication. No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. (Pen. Code, § 22.) There is no claim that appellant's intoxication was otherwise than voluntary.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.