[Crim. No. 5434.   Second Dist., Div. Two.   Feb. 17, 1956.]

THE PEOPLE, Respondent, v. HERBERT NEWTON, Appellant.

Herbert Newton, in pro. per., Jefferson & Jefferson, Bernard S. Jefferson and Martha Malone Jefferson for Appellant.

Edmund G. Brown, Attorney General, and W. B. Thayer, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant appeals from conviction of rape of one Annie C. L. It was charged and impliedly found (after a nonjury trial) that defendant had sexual intercourse with Annie without her consent and against her will in that she was prevented from resisting by threats of great and immediate bodily harm accompanied by apparent power of execution. (Pen. Code, § 261, subd. 4.) Defendant in testifying admitted the fact of intercourse, but claimed that it was had with Annie's full consent and cooperation.

Appellant's first point is that the complaining witness' testimony was inherently improbable because "no act of sexual intercourse could have taken place if appellant and the complaining witness were in the respective positions testified to by the complaining witness." Examination of the transcript establishes that this claim is without substance, as the trial judge impliedly found. Appellant himself, while admitting the act, gives no postural account which differs from that of the complaining witness. What constitutes inherently improbable evidence is discussed in *People* v. *Headlee*, 18 Cal.2d 266, 267 [115 P.2d 427]; *People* v. *Stephens*, 66 Cal.App.2d 755, 757 [152 P.2d 1019].

Annie testified that defendant choked and hit her and caused her to injure her knee immediately before the raping and that she was afraid to resist. Defendant denies this, but her story is in this respect supported by the testimony of her sister-in-law and the police, who saw the effects of the violence. which effects were photographed by the officers. The court is

thus confronted with a substantial conflict in the evidence. The duty is imposed upon a reviewing court to "assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence." (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellant's next contention is that the court erred in sustaining an objection to the following question put to the complaining witness when under cross-examination: "Q. Now, Miss . . . on Thursday before this party did you go somewhere with the defendant and some other people and have a few drinks? A. That was Friday before the party. Q. Friday before the party. Where did you go?" The rape occurred on Saturday night. This question, relating to an innocuous episode of Friday night, had no probative value and therefore sought to elicit immaterial matter. Defendant's attorney made no offer of proof and in his brief counsel concedes that "in the case at bar there is no showing by appellant that he intended to establish, by the cross-examination of the complaining witness, acts of unchastity on her part." This renders *People* v. *Pantages*, 212 Cal. 237, 262 [297 P. 890], inapplicable and appellant cites no authority to the effect that the ruling under consideration was erroneous. The contrary has been decided in *People* v. *Mangum*, 31 Cal.App.2d 374, 379. 382 [88 P.2d 207] ; *People* v. *Burnette*, 39 Cal.App.2d 215. 226 [102 P.2d 799] ; *People* v. *Kuches*, 120 Cal. 566, 570 [52 P. 1002].

Lastly, appellant complains of rebuttal testimony of Police Sergeant Kudlac, saying it was mere reiteration of the People's main case, not proper rebuttal and prejudicial. In criminal cases, as in civil, the order of proof lies in the discretion of the trial judge. (Pen. Code, § 1093, subd. 4; *People* v. *Mehaffey*, 32 Cal.2d 535, 547-548 [197 P.2d 12] ; *People* v. *Griffin*, 98 Cal.App.2d 1, 47 [219 P.2d 519].) But the practice of permitting the prosecution to withhold a part of its case for use on rebuttal has been severely condemned. (*People* v. *Leach*, 137 Cal.App. 753, 757 [31 P.2d 449] ; *People* v. *Rodriguez*, 58 Cal.App.2d 415, 419 [136 P.2d 626] ; *People* v. *Avery*, 35 Cal.2d 487, 491 [218 P.2d 527].) In the Avery case the court said (p. 491): "The practice of allowing the district attorney to withhold a part of his case in chief and to offer it after the defense had closed was properly condemned in *People* v. *Rodriguez*, 58 Cal.App.2d 415 [136 P.2d 626], at page 419. While the order of proof rests in the sound

discretion of the trial court (Pen. Code, § 1093, subd. 4, § 1094), an abuse of that discretion might well result from such practice." In Rodriguez, *supra*, Mr. Presiding Justice Shinn said (p. 419) : "When the case of the People is closed and the defense is in, the remainder of the People's case is limited to evidence in rebuttal of that produced by the defense and should be so limited by the court, except where a proper showing is made for reopening the case in chief for the receipt of further evidence. The People have no right to with-hold a material part of their evidence which could as well be used in their case in chief, for the sole purpose of using it in rebuttal. . . . The alleged confession was offered to establish facts constituting guilt; the impeachment feature was inci-dental and comparatively unimportant. It was no more proper for the district attorney to offer the evidence as rebuttal after defendant's denial of the alleged statements, under the pretense that it was offered to impeach the defendant, than it would have been to offer it in rebuttal if the defendant had not been questioned about it at all. It makes no difference here that the testimony as to the confession, aside from being evidence of the fact of guilt, also tended to impeach the defendant."

█ The situation at bar does not disclose unfair practice by the district attorney or abuse of discretion by the court. The People's case was submitted by stipulation upon the transcript of the preliminary examination. Officer Mitchell there testified that defendant shortly after his arrest told him and Officer Galindo that he had had intercourse with Annie which was voluntary on her part. Officer Furlong also testi-fied at the preliminary that on the same day defendant, in the presence of Sergeant Kudlac, said that he did not have intercourse with Annie and that he did not tell Mitchell and Galindo that he had done so; that the police report was then read to defendant who then said that he did tell that to Mitchell and Galindo. Defendant did not testify at that hearing. In the superior court the district attorney offered that transcript and immediately rested his case. Up to that point he could not know that defendant would admit the fact of intercourse or that impeachment in that respect would be necessary or desirable. As soon as the prosecution rested defendant took the witness stand and testified that he and Annie did have intercourse, voluntary on her part. On cross-examination he said he had not told Mitchell and

Galindo that he had had; also that he later talked to Furlong and Kudlac but did not tell them that he had told Mitchell and Galindo that he had had intercourse; in this connection foundation for impeachment was laid by the prosecutor. It is to be noted that after defendant testified on direct examination that he had had intercourse with Annie, any question as to whether he had told anyone that he had done so could go only to his credibility as a witness. The cardinal fact had been established by his own testimony and the remaining questions were whether his denials of choking and beating and his claim of consent on Annie's part were to be believed. After defendant's cross-examination the district attorney asked and obtained leave to call a witness in rebuttal. Thereupon Sergeant Kudlac was called, time and place of defendant's conversation with him and Officer Furlong was fixed, and he was asked: "At that time and place, did the defendant tell you and Mr. Furlong, in substance, that he had told the arresting officers to wit: Mr. Mitchell and Mr. Galindo, that he had had intercourse with an Annie . . .?" The witness answered "he did," without any objection having been interposed, and no motion to strike was made. The answer was followed by this: "MR. SCHUTZ: May it please the Court, I don't think this is proper rebuttal. It is all contained in the evidence of Officer Furlong. THE COURT: That is not a proper objection. He is refuting a statement. . . . That objection will be overruled anyway." We do not deal with a confession as the court did in Rodriguez, *supra*. This evidence had no purpose and could have no effect other than impeachment. In that respect this case differs materially from Rodriguez, where the evidence of the confession was actually used in proof of the facts contained therein but was offered and received under the guise of impeachment. In the present instance no prejudicial error appears.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.