[Crim. No. 3161.   First Dist., Div. Two.   Mar. 29, 1956.]

THE PEOPLE, Respondent, v. WILLIAM WESLEY WREN, Appellant.

Joseph P. Haley, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant appeals from a judgment of conviction of statutory rape with a 15-year-old girl rendered by the court sitting without a jury, trial by jury having been duly waived.

Appellant filed his opening brief in propria persona but thereafter, at his request, counsel was appointed by this court to represent him and appointed counsel filed a closing brief and argued the matter orally.

There is a serious question about the timeliness of the notice of appeal, filed three days late, but since counsel claims circumstances bringing the case within the rule of *People* v. *Slobodian,* 30 Cal.2d 362 [181 P.2d 868], and we are satisfied that the case is not a proper one for reversal in any event, we pass the question of the timeliness of the appeal and consider the case on its merits.

The information charged the commission of the offense "on or about the 17th day of January, 1955." The complaining witness testified to an act of intercourse on January 17, 1955, which she said was a Saturday. The nearest Saturday in that year was January 15, so that the witness was in error as to the date of the month or the day of the week. The variance was not fatal. The place fixed was the apartment of a friend and this was the first act of intercourse testified to have occurred in this apartment. Appellant made no objection to the uncertainty as to the date in the trial court and since he attempted proof of no alibi the variance is not prejudicial. (*People* v. *Amy,* 100 Cal.App.2d 126 [223 P.2d 69]; *People* v. *LaMarr,* 20 Cal.2d 705 [128 P.2d 345]; *People* v. *Powell,* 34 Cal.2d 196 [208 P.2d 974].)

The mother of the complaining witness testified concerning certain conversations with appellant over the telephone. It is now claimed that no sufficient foundation was laid as to the identity of appellant. The evidence was admitted without objection and the question is therefore not open to appellant. (*People* v. *Garnier,* 95 Cal.App.2d 489, 502 [213 P.2d 111]; *People* v. *Stepp,* 82 Cal.App.2d 49, 51 [185 P.2d 417].)

Appellant argues that his counsel failed to put him on the stand and failed to call other witnesses whom appellant wished to have presented. ■ A defense attorney must exercise his own best judgment in the conduct of the case, and in the absence of complaint by defendant in the trial court the acts of defendant's counsel are imputed to him. (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743].) There is nothing in the record to indicate that the defense was not conscientious and adequate. Appellant attacks the credibility of the complaining witness but her testimony was believed by the trial court and supports the conviction.

■ Other asserted errors and misconduct depend upon allegations of fact not found in the record but only in the briefs and for that reason cannot be considered. (*People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.