[Crim. No. 1404.   Fourth Dist.   Oct. 6, 1959.]

THE PEOPLE, Respondent v. EUGENE FRANCIS
HEINMANN, Appellant.

Edgar G. Langford, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

SHEPARD, J.—Defendant was charged, tried and convicted of assault with a deadly weapon. ▪ The basic facts are as follows: Defendant with one William Murphy attended a teen-age party. At the party Murphy engaged in a slight altercation with another boy, after which Murphy and defendant left the party and went to defendant's home where defendant gave Murphy a bicycle chain and retained a switchblade knife for himself. They then returned to the party. Another boy named Glenn Booth, aged 15, noted Murphy was somewhat intoxicated and asked him to step outside to talk. Arriving outside Murphy turned to face Booth and without warning swung the bicycle chain at Booth. Booth jerked the bicycle chain from Murphy's hand and threw it to the ground. At about this time, while still facing Murphy, Booth felt someone's left arm go around his neck and a knife poke him in the back. He broke loose from the affray, turned around and saw the defendant helping Murphy up. The knife wound in Booth's back proved to be two inches deep. A few seconds before the affray took place, during the time Booth and Murphy were going out, another witness, Diana Sieck, saw defendant with a knife in his hand follow Booth and Murphy. The testimony does not show that anyone other than Murphy and defendant was within striking distance of Booth at the time the stab was inflicted. Murphy testified that defendant later admitted sticking Booth. Defendant at all times denied possession or use of a knife, contending that he merely pulled Booth off of Murphy. He denied that he ever saw the bicycle chain or the knife.

While the evidence was in many respects conflicting it was amply sufficient without any testimony from Murphy to have supported the decision of the jury.

Defendant suggests improper restrictions of cross-examination in the case of two witnesses. The first of these was the witness Murphy. His direct examination covered approxi-

mately 20 pages of transcript but more than half of it related to background matter not directly material. The cross-examination of this witness covers double the amount of transcript relating to direct examination, and most of the cross-examination dealt with matters not directly material. On only three occasions did the court interfere at all with the cross-examination and those were due to the defense insistence on pursuing matters of doubtful materiality. ■ In none of these cases, nor in the only two instances in which the court sustained objections, did the defense explain or attempt to explain how the ·subject matter there being pursued could be material. Such explanation is necessary to predicate error on rejection of evidence which is not apparently material. (*People* v. *Lyons,* 50 Cal.2d 245, 261 [11] [324 P.2d 556].) The entire last half of the cross-examination is devoid of objections or interference by the court in any way, and the defense voluntarily terminated its examination. ■ It is well established that cross-examination on an immaterial matter is properly excluded by the trial court. (*People* v. *Newton,* 139 Cal.App.2d 289, 291 [2] [293 P.2d 476].)

· In the case of the witness Myers, testimony was offered to show that defendant saw the chain in Murphy's possession while going back to the party before the stabbing took place. The defense on cross-examination sought to go into the whole conversation in a portion of which the defendant was supposed to have admitted seeing the chain, and upon objection the trial court refused to permit the defense to go into any portion of the conversation except that which might bear on the contended admission. ■ While it is true that the general rule on cross-examination permits exploration of an entire conversation, a portion of which was brought out on direct examination, nevertheless that rule is subject to the qualification that the trial court may properly exclude that portion of the conversation which is irrelevant to the portion introduced. (*People* v. *McCoy,* 25 Cal.2d 177, 186 [6-7] [153 P.2d 315].) ■ Moreover, it must be noted in connection with both of the foregoing complaints about restriction on cross-examination that the party claiming that the court committed error by so restricting cross-examination "must show by the record·some definite and legal purpose in the asking of the excluded question." (*People* v. *Kiser,* 24 Cal.App. 540, 546 [4-5] [141 P. 1078] ; *People* v. *Horowitz,* 70 Cal.App.2d 675, 691 [18] [161 P.2d 833].)

While no other points of error are called to our attention

we have nevertheless carefully reviewed the entire record of testimony, argument and instructions, and we are satisfied that the defendant received a fair trial, that the evidence was ample to sustain the conviction, and that no prejudicial error appears.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.