[Crim. No. 6835. Second Dist., Div. Two. Jan. 25, 1960.]

THE PEOPLE, Respondent, v. JAMES LEE JONES, Appellant.

James Lee Jones, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was convicted of second degree burglary in a nonjury trial. In propria persona defendant

filed his notice of appeal "from the decision . . . and from the Order of the Court sentencing the defendant to the State Prison. . . ." In view of the policy requiring a liberal construction of a notice of appeal in favor of its sufficiency (rule 31(b), Rules on Appeal; *In re Gonsalves,* 48 Cal.2d 638, 642-643 [311 P.2d 483]), and the decisions in *People* v. *Perkins,* 147 Cal.App.2d 793, 797 [305 P.2d 932], and *People* v. *Smith,* 164 Cal.App.2d 510, 514 [330 P.2d 678], which view the judgment and sentence as one and the same, this appeal will be treated as an appeal from the judgment. (See also *People* v. *Baker,* 170 Cal.App.2d 240, 241 [338 P.2d 556].)

Appellant contends that he "was deprived of the effective assistance of counsel at the speedy and reckless trial, in violation of constitutional rights." This argument is based upon the assertion that the court limited defense counsel to 15 or 20 minutes in the presentation of his case. Intimations in appellant's brief that he was not adequately represented by counsel, or that counsel was denied sufficient time to investigate or prepare the defense, are without support in the record. The only question in this respect is whether the defense was improperly restricted or unduly rushed in the presentation of his defense.

Although the record does not disclose a specific promise by appellant's counsel that he would present his defense within 15 or 20 minutes (and the record does not indicate whether it took less or in excess of this period of time), the judge made it clear to counsel that he was previously engaged in a "long trial," indicated his reluctance to hear the matter because of the time element, and advised counsel of the availability of another department. Under these circumstances appellant's counsel renewed a request to have the matter heard by Judge Brandler; he had indicated that the defense would not "take long." Implicit in the agreement was the mutual accommodation of appellant and the court.

"A defense attorney must exercise his own best judgment in the conduct of a case, and in the absence of complaint by defendant in the trial court, the acts of defendant's counsel are imputed to him." (*People* v. *Wren,* 140 Cal.App.2d 368, 370 [295 P.2d 54].) It cannot be said that the handling of the defense by appellant's counsel showed such lack of diligence or competence as to reduce the trial to a farce or sham. (See *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457].)

It is, of course, the duty of the trial court to see that the defendant in a criminal case receives a fair trial. (*People*

v. *Lapin,* 138 Cal.App.2d 251, 264 [291 P.2d 575]; *People* v. *Sarazzawski,* 27 Cal.2d 7, 11 [161 P.2d 934]; *Killpatrick* v. *Superior Court,* 153 Cal.App.2d 146, 151 [314 P.2d 164].)

▮ It is also the duty of the court to control all proceedings with a view to expeditious and effective ascertainment of the truth (Pen. Code, § 1044; Code Civ. Proc., § 2044; *People* v. *Rickson,* 112 Cal.App.2d 475, 480 [246 P.2d 700]; *People* v. *Williams,* 32 Cal.2d 78, 84 [195 P.2d 393]).

▮ Although the court made statements concerning appellant's previous representations and, in effect, suggested that the matter be expedited, he did not cut off counsel's examination of any witness. The record indicates that the court permitted and heard all of the evidence counsel desired to present. Appellant raised no question during the trial of not having enough time to properly present his case; there is no showing as to what additional material evidence appellant desired to present, and he did not ask for a continuance. There was no motion for a new trial.

As stated in *People* v. *Fude,* 117 Cal.App.2d 186, 189 [255 P.2d 23]: "There is nothing in the record to justify appellant's claim that he was deprived of his constitutional rights in the matter of examination of the witnesses. Both appellant and his counsel were present at every stage of the proceedings. No objection was made to the procedure in any respect; no request was made to be allowed to examine any witness further. No motion for a new trial was filed." See also *People* v. *Acuff,* 94 Cal.App.2d 551, 558, 560 [211 P.2d 17]; *People* v. *Parry,* 105 Cal.App.2d 319, 323 [232 P.2d 899]; *People* v. *Reimringer,* 116 Cal.App.2d 332, 338 [253 P.2d 756].

There is nothing in the record to indicate that the judge was prejudiced or that he had prejudged the case. (*Cf. People* v. *Barquera,* 154 Cal.App.2d 513, 519 [316 P.2d 641].)

Under these circumstances, appellant has failed to show wherein he was prejudiced by the conduct of either the court or his counsel, and a review of the entire record convinces us that appellant received a fair and impartial trial.

▮ Appellant makes the statement: "The defense made a demand to see the police report and while the prosecutor offered his entire file it does not appear if the file included the demanded report." The request was made by defense counsel during the direct examination of Officer Buckner who had been called by appellant as his own witness. The witness, upon inquiry, stated that he had refreshed his memory from the

police report before he took the stand. The district attorney interposed an objection. However, no ruling was made and none was required for the district attorney voluntarily offered his entire file to counsel, who thanked him and the matter was dropped. The file was not introduced into evidence. There is no showing that the file did not contain the requested report or that appellant's counsel did not inspect the same. We can assume that counsel was satisfied. (See *People* v. *Hollins,* 164 Cal.App.2d 191, 197 [330 P.2d 246] ; *People* v. *Carter,* 48 Cal. 2d 737, 748 [312 P.2d 665].) It further appears that appellant had no right to the inspection of the report under these circumstances. It is not a situation to which section 2047 of the Code of Civil Procedure applies, for the witness did not use the report while on the stand and, further, appellant was questioning his own witness, not cross-examining a government witness. (See *People* v. *Gallardo,* 41 Cal.2d 57, 67 [257 P.2d 29] ; *People* v. *Tapia,* 174 Cal.App.2d 52, 55 [344 P.2d 33].) The contention is without substance.

Appellant's next contention is that the court deprived him of the defense of entrapment. There is no basis in the record for this contention. It is the following colloquy which occurred during the cross-examination of Officer Seret at the preliminary hearing of which appellant complains: "Q. [Counsel for appellant] : Did you get any information from any source as to the fact that a burglary—— THE COURT : Counsel, that has been asked and answered.[1] MR. HAMEL : Pardon me, your Honor. I think I previously asked this question in regard to the radio call, but not a general broad question. THE COURT : I don't think it makes any difference. It is immaterial. MR. HAMEL : Your Honor, the reason I'd like to introduce this at this time or ask this question is the fact I would like to bring out a relationship or connection later on that the other party involved or the other figure was the same accomplice. I think it would be relevant and material at this particular time for the defense of entrapment, which would be presented. THE COURT : Is that an offer of proof, sir? MR. HAMEL : Yes, Your Honor. THE COURT : It will be rejected."

Cross-examination on an immaterial matter is properly excluded by the court (*People* v. *Newton,* 139 Cal.App.2d 289, 291 [293 P.2d 476]), and ". . . the party claiming that the court committed error by so restricting cross-examination

---

[1]The officer had previously testified, during this cross-examination that he had not received a radio call with information as to a burglary in the area; that he was there on routine patrol duty.

'must show by the record some definite and legal purpose in the asking of the excluded question.' [Citations.]'' (*People* v. *Heinmann,* 174 Cal.App.2d 270, 272 [344 P.2d 415].) Counsel's offer of proof must fully and clearly state "the fact which counsel desires to prove and the manner and evidence by which he proposes to prove it. . . .'' (Fricke, California Evidence, 3d ed., p. 236; *People* v. *Monson,* 102 Cal.App. 2d 308, 313 [227 P.2d 521].) In *People* v. *Heape,* 72 Cal.App. 226, 232-233 [237 P. 66], the court states: ". . . No offer was made by appellant to prove . . . *any specific fact or facts.* The purpose of the question . . . was not obvious from its terms. In such cases the party seeking to introduce the evidence should make an offer of *what he expects to prove,* so that the trial court may determine whether the proposed proof is material and relevant.'' (Emphasis added.) In the instant case, counsel's offer of proof failed to state any facts which would support even an inference of entrapment; i.e., inducement by an officer of the law to commit the crime.

 Appellant also contends, without merit, that he was not allowed to pursue the defense of entrapment at his trial in the superior court in the redirect examination of Officer Buckner. He refers to the following: "Q. [Mr. Esnard, counsel for appellant] : Later on at the police station did you interview a person by the name of Frank Howard regarding this case? A. We did. Q. Did you notice whether or not he lived at the same residence as the defendant? THE COURT: That will be sustained on the grounds it is immaterial What difference does it make if they interviewed somebody else? MR. ESNARD: It is merely background. I will withdraw it. I have no further questions.''

 Counsel did not attempt to explain how this matter would be material. Such an explanation is necessary to predicate error on rejection of evidence which is not apparently material. (*People* v. *Lyons,* 50 Cal.2d 245, 261 [324 P.2d 556].) Counsel did not mention the defense of entrapment, but withdrew the question and voluntarily terminated the examination.

We have reviewed the defense testimony and find therein no evidence of entrapment. The only intimation in the entire record is appellant's statement to the officers at the time of his arrest that someone had given him twenty-five dollars "to go in and get the checks for him,'' which he denied having told them when testifying in his own behalf. In no place does it appear that there was inducement by officers to commit the

crime and, upon the showing made, the court did not improperly exclude evidence tending to support such a defense.

Appellant makes a vague contention that his counsel had agreed to put the jury waiver aside. That there was an effective waiver of a jury trial by appellant and his counsel at the commencement of the proceedings cannot be disputed. Appellant specifically stated that he wanted the matter heard by a "judge" and through his counsel made the request that it be heard by Judge Brandler. Although, on the morning of March 25th, during the discussion as to whether the matter could be heard by this particular judge, the possibility of setting aside the jury waiver and sending the matter to another department was mentioned, this was not done. The matter was in fact tried by Judge Brandler in accordance with appellant's expressed desire. Appellant raised no objections. "The question whether defendant could have withdrawn his waiver if the condition he had sought to impose was not met is not before us. He was tried before the superior court judge for whom he had indicated a preference, and the condition which he purported to attach to the waiver was therefore complied with." (*People* v. *Langdon,* 52 Cal.2d 425, 432 [341 P.2d 303]; see also *People* v. *Terry,* 99 Cal.App.2d 579, 584 [222 P.2d 95].) There is no indication that appellant did not understand the nature of the waiver and no error is shown.

Appellant has shown no prejudicial error.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.