[Crim. No. 8840.   Second Dist., Div. Two.   Nov. 21, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD M. RODRIGUEZ, Defendant and Appellant.

Edward M. Rodriguez, in pro. per., and Raymond Gloozman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged with selling heroin on March 30, 1962, in violation of section 11501, Health and

Safety Code. It was further charged that he had suffered four prior felony convictions, two of which were violations of section 11500, Health and Safety Code. Defendant was found guilty of the main offense as charged. The court also found the priors to be true, denied probation, and sentenced defendant to the state prison for the term prescribed by law. Defendant has appealed from the judgment.

Early in February 1962, Officer Daniel Samaniego of the Los Angeles Police Department was assigned to the narcotics division as an undercover agent. In the late afternoon of March 30, the officer, accompanied by an informant, Eddie Valencia, met defendant at the corner of Third and Broadway in Los Angeles. Valencia asked the defendant, "Have you seen Wero?"[1] Defendant replied that he had not. Defendant then inquired, "You looking for some chiva?"[2] Officer Samaniego indicated he was, whereupon Valencia asked defendant if he could connect for them. Defendant said he could and that they should meet him on Main Street between Second and Third Streets. The officer and Valencia went to the designated place on Main Street, arriving there around 6 p.m. In some 10 or 15 minutes defendant arrived. He removed two red balloons from his mouth and handed them to the officer, who paid defendant $20.

The officer went directly to the Police Administration building, examined the balloons and found that they contained a white powdery susbstance which, upon examination by a forensic chemist, proved to be heroin. Within a couple of days after making the purchase from defendant the officer examined the narcotic mug books at the police station and found that the person from whom he had made the purchase was Edward M. Rodriguez, the defendant. He was later arrested and interrogated by another officer. Defendant denied he had ever seen Officer Samaniego before.

At the trial defendant testified that he did not know anyone by the name of Eddie Valencia; that he had never seen Officer Samaniego; and that he did not sell narcotics to the officer on March 30. He claimed that on that date he was visiting his daughter and son-in-law in Ontario, California; that he attended a birthday party for his granddaughter which started around 5 or 5:30 p.m. on the 30th; and that he did not return to Los Angeles until April 1. On cross-exami-

---

[1] Wero is a Mexican's nickname.

[2] Chiva is a common street term for heroin.

nation defendant admitted he had been convicted of the four felonies charged in the indictment. His alibi was supported by his daughter and a brother of his son-in-law.

██ In seeking a reversal, defendant makes three points: (1) that trial counsel's representation of defendant was so inadequate and ineffective as to reduce the trial to a sham or farce; (2) that the prosecutor was guilty of prejudicial misconduct; and (3) that the evidence was insufficient. We find no merit in any of these contentions.

In order to sustain his first contention, the burden is on the defendant to show that he was denied a fair trial. (*People* v. *Downer*, 57 Cal.2d 800, 813 [22 Cal.Rptr. 347, 372 P.2d 107].) ██ In this connection it should be noted that defendant was represented at the trial by an attorney of his own choice. In such circumstances the attorney's conduct of the case will not be held inadequate except in those rare cases where counsel displays such a lack of diligence and competence as to reduce the proceedings to a farce or sham. (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].) ██ An attorney for a defendant must exercise his own best judgment in the conduct of the case and "in the absence of complaint by defendant in the trial court the acts of defendant's counsel are imputed to him." (*People* v. *Wren*, 140 Cal.App. 2d 368, 370 [295 P.2d 54]; *People* v. *Jones*, 177 Cal.App.2d 420, 422 [2 Cal.Rptr. 305].)

In his brief counsel argues that defendant's trial counsel devoted most of his cross-examination of the officers to "extraneous, irrelevant and uncontradictable matters." It is present counsel's view that the officers and Valencia should have been more thoroughly cross-examined with respect to the identification of the defendant, that is, whether he was in fact the person from whom the officer made the purchase.

██ By going into the details of the alleged transaction, it appears that trial counsel was attempting to establish inconsistencies in the testimony of the officer and Valencia and thus destroy the effectiveness of their testimony and lead the trier of fact to the conclusion that the People's witnesses had this transaction confused with some other sale. We cannot say as a matter of law that such an approach was not proper and reasonable. It certainly did not constitute the trial a farce or sham. In retrospect it might appear that it would have been better trial tactics to have cross-examined more vigorously the officer and Valencia with respect to the defendant being the person from whom they made the asserted

purchase of heroin but viewed from the situation that presented itself at the time of the trial, the failure to more aggressively cross-examine with respect to this phase of the case did not deprive the defendant of a fair trial. This was simply a matter of professional judgment and though it may have turned out badly for defendant, it nevertheless does not constitute inadequate or ineffective representation. On the record before us, the defendant has not met the burden that is cast upon him to sustain his charge of ineffective representation by counsel.

■ There is no merit whatever in defendant's contention that the prosecutor was guilty of misconduct. He bases this contention on the assertion that ''the prosecutor needlessly harassed'' his daughter while she was on the witness stand and that the prosecutor unnecessarily probed into his prior convictions. The cross-examination that defendant complained about related to the period defendant was assertedly visiting with his daughter in Ontario and as to when she and her husband returned him to his home in Los Angeles. The importance of this period is readily apparent in light of his asserted alibi. The cross-examination of the prosecutor simply sought to test her memory of the occurrences during this critical period. Under no circumstances can the cross-examination be considered as a harassment of the witness.

■ There was clearly no error in the prosecutor's probing of defendant's prior convictions. *People* v. *Lyles*, 156 Cal.App.2d 482 [319 P.2d 745], is here apposite. In that case defendant was charged with burglary. Four prior convictions, as here, were alleged. Defendant pleaded not guilty and denied the priors. Trial was by the court as in the instant case. Defendant testified in his own behalf. On cross-examination he admitted ''that he had been convicted of burglary in 1935, of violation of the Deadly Weapons Act in 1936, of burglary in 1940, and of attempted burglary in 1950.'' (P. 485.) In response to the defendant's claim on appeal that the evidence was insufficient, the court stated (p. 487): ''In determining appellant's credibility, the court was entitled to consider his admission of some four prior felony convictions (Code Civ. Proc., § 2051).'' Misconduct cannot be predicated upon a showing of that which the court is ''entitled to consider.''

Defendant's contention that the evidence is insufficient is based on the theory that ''inaccuracies and inconsistencies'' in Officer Samaniego's testimony and gross ''discrepancies'' between the testimony of the officer and Valencia rendered

the prosecution's testimony improbable and the evidence therefore insufficient to sustain his conviction. He also argues that the People's evidence is discredited because the defense testimony established his alibi. ▋ As pointed out by this court in *People* v. *Alonzo*, 158 Cal.App.2d 45, 47 [322 P.2d 42] : "It is the province of the trier of the facts to pass upon the credibility of the witnesses and determine the weight that should be given to their testimony; also, to resolve any conflicts and inconsistencies in their testimony, and this rule applies to conflicts and inconsistencies of a particular witness. [Citations.]" The trier of fact "may disbelieve a portion of a witness' testimony and yet believe other portions thereof." (*Chan* v. *Title Ins. & Trust Co.*, 39 Cal.2d 253, 258 [246 P.2d 632].) Also credence may be given to a witness "whose testimony contains contradictions or inconsistencies." (*Hansen* v. *Bear Film Co., Inc.*, 28 Cal.2d 154, 184 [168 P.2d 946].) Thus the circumstance that there are inconsistencies and contradictions in the testimony of the People's witnesses does not as a matter of law destroy its effectiveness. It was for the trial court "to resolve these matters and accept such portions thereof as carried greater persuasive force while discounting the rest." (*Kalfus* v. *Fraze*, 136 Cal.App. 2d 415, 425 [288 P.2d 967].)

▋ With respect to defendant's contention that his alibi was "established" the observation of the court in *People* v. *Rumph*, 164 Cal.App.2d 262, 268 [330 P.2d 694] (in which the defendant claimed an alibi), is apropos: "The trial judge had the witnesses before him. He was afforded an opportunity to observe their demeanor, candor or lack of candor, as well as the fact that they were all relatives or close friends of appellants and their consequent interest in the outcome of the prosecution." It is manifest that. he questioned their veracity. This was obviously within his province and his evaluation of their credibility is controlling on this court.

▋ Applying these established principles to the evidence at hand, it is apparent that the evidence is sufficient to sustain the conviction.

Judgment is affirmed.

Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 7, 1964.