[Crim. No. 7659. Second Dist., Div. Two. Apr. 18, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS W. FRANKLIN, Defendant and Appellant.

Thomas W. Franklin, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—In the initial information appellant was charged with two offenses: (1) kidnapping for the purpose of robbery (Pen. Code, § 209), and (2) robbery (Pen. Code, § 211). On the date set for trial, December 13, 1960, an amended information was filed which contained a third count: receiving stolen property (Pen. Code, § 496). He was found not guilty on counts one and two but guilty on count three. He has appealed from the judgment.

On August 15, 1960, between 2 and 2:30 a. m., one Lawrence Quinn was standing on the corner at the intersection of Normandie Avenue and Beverly Boulevard, in the City of Los Angeles. A car with three male persons in the front seat drove up to the corner. Quinn, thinking he might get a lift on his way home, entered the car and was seated between two of the persons, the third going to the back seat. The car proceeded to Alexandria Place and stopped at an alley. One of the men in the car with Quinn said, "This is it." They got out of the car and Quinn could feel something cold sticking in his neck. It felt like metal. Quinn's wallet containing a 10-dollar bill and seven identification and credit cards, his watch and a ring were taken from him. He then walked down the alley, ran home and called the police.

At approximately 10:30 the next morning, appellant was arrested. Quinn's watch was taken from his left wrist when he was booked about an hour later.

On August 17, between 4:15 and 4:30 p. m., in the presence of Ray Jelenicki, Russell Dutkiewicz, Richard Fraser and Anthony Laron, Officer Eastenson of the Los Angeles Police Department asked appellant where he got the watch. He stated that he got it from Jelenicki. Jelenicki stated that he sold the watch to appellant some time between the 15th of July and the 3d of August. Officer Eastenson pointed out to them

that their story was impossible because the watch was still in the owner's possession during that period. Neither Jelenicki nor appellant made any response to Officer Eastenson's statement.

In seeking reversal, appellant contends that (1) he was given no opportunity to plead to count three; (2) he was not aware that he was charged with count three when he came to court for trial on December 13, 1960; and (3) he had no knowledge that the watch was stolen until August 18. We find no merit in any of these contentions.

■ With respect to appellant's first point, the court commented in *People* v. *Walker,* 170 Cal.App.2d 159, 164 [338 P.2d 536] : ''Where an information is amended, regular and orderly procedure requires the defendant be rearraigned and required to plead thereto before trial. In early years this was mandatory [citations], but the rule has been relaxed that if the defendant makes no demand or objection and is convicted upon a trial without having entered a plea the objection that there was no plea is waived and is unavailable to him.''

■ The appellant pleaded not guilty to counts one and two of the original information. Later, an amended information was filed which charged him, in count three, with the crime of receiving stolen property. Although appellant in the presence of his counsel was arraigned on the amended information, the record fails to show that he entered a plea to count three. Jury trial was waived and the case was submitted on the testimony contained in the transcript of the preliminary hearing. It was on this count that he was found guilty.

The record shows that at all times the appellant was accorded the benefit of a plea of not guilty as to count three and that his failure to plead thereto did not affect his substantial rights nor prejudice his cause in any manner. Therefore, this was a mere irregularity and does not justify a reversal.

Pertinent here is the following from the decision in *People* v. *Walker, supra* (pp. 164-165) : ''. . . [W]e perceive here no violation of defendant's substantial or constitutional right or any prejudice to him because his plea was not entered to the amended charge, for he secured all the advantages of a plea of not guilty regularly entered. The cause proceeded to trial on his plea to the offense alleged in the original information and defendant at all times received the benefit of a plea of not guilty, since the cause was tried as though such a plea had been interposed to the amended information.

Defendant's substantial rights suffered no detriment by reason of the failure to repeat the plea [citation]. Under these circumstances, we are inclined to treat the failure to make the formal plea as a mere irregularity which in no manner or degree affected or impinged upon defendant's substantial rights [citation]. In addition, the record is silent concerning any objection before the lower court interposed by defendant to having the trial proceed without the entry of a new plea. He may not now complain on review where the error is not prejudicial [citation]."

Appellant's comment to the effect that he did not know that he was charged with count three prior to the time he came to court for trial on December 13, 1960, seems to suggest two ideas: (1) that the amendment was improper, and (2) that he had no opportunity to prepare for trial on this new charge. The answer to the first of these suggestions is found in section 1009 of the Penal Code. It provides that an information may be amended, in the discretion of the court, at any stage of the proceedings after a defendant pleads. Here, appellant had previously entered his plea as to counts one and two. It was therefore procedurally proper for the court to permit the amendment of the information to include count three—receiving stolen property.

The basic answer to appellant's second suggestion is also found in section 1009, Penal Code. Under its provisions, after an amendment and plea, ". . . the trial . . . shall continue . . . unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted." (*People* v. *Hembree,* 143 Cal.App.2d 733, 743 [299 P.2d 1043]). In this connection, it should also be noted that ". . . generally speaking, an accused may waive his statutory rights by merely failing to enter a timely objection." (*People* v. *Severino,* 122 Cal.App.2d 172, 181 [264 P.2d 656]; see also *People* v. *Suesser,* 142 Cal. 354, 357 [75 P. 1093].)

Appellant's trial was held on the same day that the amended information adding count three was filed. The record shows that appellant, who was represented by counsel, failed to object to the filing of the amended information and did not request a continuance to prepare for the trial of the charge contained in the new count. If he had shown on December 13 when he came to court for trial that he needed additional time to prepare his defense to the new and additional count, he would have been entitled to a reasonable postponement to

enable him to make such necessary preparation. However, he asserted no objection to the filing of the amended information nor did he request a continuance to prepare for trial. This right to a reasonable postponement of the trial is a statutory right which, under the authorities cited above, was waived by appellant's failure to make an appropriate request therefor when his case was called for trial.

In contending he was not aware that the watch was stolen until August 18, appellant apparently seeks to raise the point that the evidence was insufficient to show his knowledge that the watch was stolen. ■ " '[P]ossession of stolen property, accompanied by no explanation, or an unsatisfactory explanation of the possession, or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. The rule is generally applied where the accused is found in possession of the articles soon aftey they were stolen.' ■ 'False or evasive answers to material questions with reference to the ownership of stolen property tend to prove such knowledge.' " (*People* v. *Lyons,* 50 Cal.2d 245, 258 [324 P.2d 556] ; see also *People* v. *Lopez,* 126 Cal.App.2d 274, 278 [271 P.2d 874] ; *People* v. *Reynolds,* 149 Cal.App.2d 290, 294 [308 P.2d 48].)

■ Quinn's watch was taken from him on the night of August 15. Appellant was arrested the next morning at 10:30 and Quinn's watch was taken from his wrist when he was booked approximately an hour later. Officer Eastenson, in the presence of Jelenicki and others previously named, asked appellant where he had gotten the watch. Appellant stated that he had received it from Jelenicki. The latter stated that he sold the watch to appellant some time between the 15th of July and the 3d of August. Officer Eastenson then pointed out to them that their story was impossible because the watch was still ·in the possession of the owner during that period. Neither the appellant nor Jelenicki made any response to Officer Eastenson's statement;

From these facts: Quinn's watch was stolen on the night of August 15; it was taken from appellant's wrist when he was booked the next morning; appellant stated that he had received the watch from Jelenicki, who claimed that he had sold it to appellant between the middle of July and August 3d; Officer Eastenson pointed out to them the impossibility of their story; and neither made any reply nor offered any explanation, the court could reasonably draw the inference that the watch was received by appellant with the knowledge

that it had been stolen. Pertinent on this point is the statement of the court in *People* v. *Lyons, supra* (p. 258) : "The jury could find that defendant's statement to the police officer, shortly after his arrest, that the watch 'was his, that he had had it for some time' was a consciously evasive and misleading explanation. Under the authorities cited above this is sufficient to show a consciousness of guilt and justify an inference that defendant received the watch with knowledge that it was stolen."

The evidence and the inferences to be drawn reasonably therefrom support the finding that appellant was guilty of the offense of receiving stolen property.

In his brief appellant refers to a written statement signed by Jelenicki which states that the latter gave the watch to appellant when Jelenicki was being booked at the Los Angeles City Jail. This statement was not introduced in evidence at the trial and cannot therefore be considered on appeal. On this point, the court in *People* v. *Ray,* 146 Cal. App.2d 257, 260 [303 P.2d 591], had this to say : ". . . 'matters raised in the brief, which appear to be merely unsworn statements of the defendant as to certain purported facts . . . not before presented to the trial court for consideration, cannot be considered on appeal.' " (See also *People* v. *Wren,* 140 Cal.App.2d 368, 370 [295 P.2d 54].)

Appellant, in his brief, also indicates that Quinn never identified him as one of the three men involved in the robbery. As the appellant was not convicted of robbery and is appealing from his conviction of receiving stolen property, his identification as one of the robbers is not a question to be considered on this appeal.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.