[Crim. No. 1783. Fourth Dist. Sept. 12, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES P. BISHOP, Defendant and Appellant.

C. A. Broderick, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.*—Appellant was charged by an information with the crime of conspiracy to pass worthless checks. One Charles L. Groover, a janitor, stole five checks from his employer in Oakland, California. He and appellant passed three of the checks in the Castro Valley area and one in Emeryville in Northern California. They then flew to Anaheim in Southern California, where they transferred a nonexistent bank account from the Castro Valley Branch of Bank of America to the Anaheim Branch of Bank of America, and secured a book of Anaheim checks. Appellant ordered a rubber stamp bearing the words "Rinse Away, Inc., Anaheim California, C. L. Groover, Mgr.," which he and Groover used to endorse a check. They also attempted to obtain cash by use of counter checks at three banks in the San Bernardino area.

Groover turned State's evidence. After a jury trial appellant was convicted of conspiracy to violate Penal Code section 476a, and he has appealed from the judgment and from the order denying motion for a new trial.

 Appellant contends, initially, that the information itself is defective. The information alleged:

"CONSPIRACY TO PASS WORTHLESS CHECKS (Pen. Code, § 182, subd. 1) in that on or about the 28th day of June, 1962, in the County of San Bernardino, State of California, he did wilfully and unlawfully conspire, combine and agree with Charles L. Groover to obtain money, credit and property by means of obtaining and passing worthless checks and drafts with intent to defraud, in violation of section 476a of the California Penal Code."

Six alleged specific overt acts follow this introductory paragraph.

Appellant cites Penal Code section 952 in support of his contention that the introductory paragraph of the conspiracy information should have set forth the elements of Penal Code section 476a. Section 952 in specifying the manner in which a charged offense must be stated provides in part:

"It may be in the words of the enactment describing the

*Assigned by Chairman of Judicial Council.

offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused.

Thus when a defendant is apprised in ordinary and concise language of the act which he is alleged to have committed in violation of a specified code section, the information is sufficient. (*People* v. *Gordon*, 71 Cal.App.2d 606, 611 [163 P.2d 110] ; *People* v. *Mason*, 184 Cal.App.2d 317, 354 [7 Cal.Rptr. 627].) Here the six overt acts alleged in the information stated violations of Penal Code section 476a in clear and concise language.

Only if the introductory paragraph of a conspiracy information is required to be considered separately and independently from the paragraphs charging the overt acts, could appellant's argument have merit. The incongruity of such a contention is readily apparent in the face of the requirement that a charge of conspiracy must include an allegation of at least one overt act committed in furtherance thereof. Thus the allegations of all of the paragraphs of an information charging conspiracy must be construed together, and appellant's argument is untenable.

 Appellant next asserts the trial court erred in admitting evidence of overt act one, which was alleged to have occurred three days before the conspiracy was culminated. The evidence concerned preliminary transactions clearly in furtherance of the conspiracy which reached its fruition three days later. Appellant cites *People* v. *Black,* 45 Cal. App.2d 87 [113 P.2d 746], but it appears to us that the *Black* case unequivocally supports the position of respondent. In *Black* it was contended that the court erred by admitting testimony of a conversation and of acts by the conspirators which occurred more than three years prior to the date of the indictment. The court held that the evidence was properly admitted. In *People* v. *Stevens,* 78 Cal.App. 395, at page 407 [248 P. 696], the court made it clear that in conspiracy cases there is no valid objection to evidence which tends to show step by step the formation of the illicit combination merely because the evidence begins at a time long anterior to the wrongful meeting of minds. This principle of law was confirmed in *People* v. *Calhoun,* 50 Cal.2d 137, at page 144 [323 P.2d 427], where the Supreme Court had this to say:

"The evidence may cover many transactions, extend over a long period of time, and show acts which occurred some time before the alleged formation of the conspiracy, as long

as the facts shown have some bearing or some tendency to prove the ultimate facts in issue.''

█ Finally, appellant attacks the sufficiency of the evidence introduced in support of overt acts two and three. Viewing the record in the light most favorable to the People (*People* v. *Sweeney,* 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049]), we find ample evidence to support each of the questioned overt acts. However, we find it unnecessary to discuss this evidence in detail since appellant does not challenge the sufficiency of the evidence introduced in support of overt acts four, five and six. Only one overt act need be proved to support a conviction of the charge of conspiracy. (*People* v. *Robinson,* 43 Cal.2d 132, 140 [271 P.2d 865].)

The purported appeal from the order denying motion for a new trial is not appealable under the circumstances of this case, and it is dismissed. The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.