7 Cal.App.3d 230 (1970)
86 Cal. Rptr. 565
In re C.D.H., Jr., a Person Coming Under the Juvenile Court Law.
EARL M. HEMENWAY, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
C.D.H., Jr., Defendant and Appellant.
Docket No. 27442.
Court of Appeals of California, First District, Division Four.
May 5, 1970.
*232 COUNSEL
Mathews, Traverse & McKittrick and James R. McKittrick for Defendant and Appellant.
Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Robert R. Granucci, Jerome C. Utz and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
CHRISTIAN, J.
C.D.H., Jr. appeals from an order of the juvenile court adjudging him to be a minor coming under the jurisdiction of the juvenile court, pursuant to Welfare and Institutions Code section 602, in that appellant violated Penal Code section 245 (assault with a deadly weapon) by shooting Keith Baldy with a .22 rifle.
On the evening of the shooting appellant, the victim Keith Baldy, and other juveniles, were amusing themselves with music, cards, and drink in a trailer house near the village of Hoopa. As the victim was washing his hands, appellant called out his name and then shot him in the back. Appellant had earlier declared his intention of getting a gun and shooting the others. He had been drinking; the victim testified that he therefore did not take this statement as an actual threat. A girl who was present had earlier *233 picked up the rifle, worked the lever, looked into the chamber, and determined that the rifle was then not loaded. Just before the shooting appellant went to a nearby house where the victim's mother was and told her "that there was some disturbance over there." She followed appellant back to the trailer and saw the shooting. She testified, "Well, I don't think it was intentionally, I believe maybe he was bluffing them, as I said; I thought it was a BB gun."
(1) On appeal it is contended that there was not sufficient evidence to establish that the shooting was other than accidental. We must deal with this contention in the light of the United States Supreme Court's holding (In re Winship (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]) that proof beyond a reasonable doubt is requisite to due process at the adjudicatory stage of a juvenile court proceeding. Because the present case is before us on direct review, no question of retrospective application is presented; the Winship rule is applicable. (Cf. Linkletter v. Walker (1965) 381 U.S. 618, 625-627 [14 L.Ed.2d 601, 605-607, 85 S.Ct. 1731, 1735-1736].) In reviewing the sufficiency of the evidence to support the jurisdictional finding, we are therefore to apply the test applicable to the same issue if presented in a criminal appeal (i.e., a case in which the beyond-reasonable-doubt standard of proof was to be applied by the trier of fact). The appellate court must determine whether a reasonable trier of fact could have found that, beyond a reasonable doubt, the jurisdictional allegations of the petition were true. (Cf. People v. Redmond (1969) 71 Cal.2d 745 [79 Cal. Rptr. 529, 457 P.2d 321]; People v. Bassett (1968) 69 Cal.2d 122 [70 Cal. Rptr. 193, 443 P.2d 777].) (2) The evidence reviewed above is sufficient to enable a reasonable trier of fact to conclude that beyond a reasonable doubt appellant intentionally shot Keith Baldy. The theory that the shooting was accidental is repelled by the following facts:
(1) Before the shooting appellant declared "that he was going to get a gun and shoot us."
(2) Before the shooting another juvenile had determined that the gun was not loaded, thus raising an inference that appellant loaded the weapon in order to shoot the victim.
(3) Before the shooting appellant got the victim's mother out of bed with the statement that there was a disturbance at the trailer house.
(4) Appellant's calling out of the victim's name just before the shooting *234 suggests, in the light of the other circumstances reviewed, that the shooting was intentional.
This evidence is sufficient to support a determination that there was an assault with a deadly weapon. (People v. Wright (1968) 258 Cal. App.2d 762, 767 [66 Cal. Rptr. 95], cert. den. 393 U.S. 896 [21 L.Ed.2d 177, 89 S.Ct. 154].) The evidence suggests that several of the young people present, perhaps including appellant, were intoxicated. (3) But such intoxication would not be a defense where liability was not dependent upon a showing of specific intent. (People v. Hood (1969) 1 Cal.3d 444, 452 [82 Cal. Rptr. 618, 462 P.2d 370].)
The application of the Winship doctrine presents a further problem. Although the evidence was strong, its effect was dependent upon the credibility of the witnesses and upon inferences to be drawn by the judge. The record is silent as to the standard of proof applied by the judge, but because Winship had not yet been decided it is possible that the judge had some reasonable doubt but nevertheless found the allegations of the petition to be true under the preponderance of the evidence test stated in Welfare and Institutions Code section 701. (4) We learn from Winship that the test given in section 701 is unconstitutional; if that test was applied, error occurred.
(5) It is generally held that an appellate court will not presume error; it is presumed that the trial court proceeded correctly as to matters on which the record is silent. (People v. Mitchell (1966) 63 Cal.2d 805 [48 Cal. Rptr. 371, 409 P.2d 211], cert. den. 384 U.S. 1007 [16 L.Ed.2d 1021, 86 S.Ct. 1985].) But we cannot use that presumption to eliminate the possibility of error in the present case where, before the Winship decision, both the California statute (§ 701) and a decision of the highest California court (In re Dennis M. (1969) 70 Cal.2d 444, 460 [75 Cal. Rptr. 1, 450 P.2d 296]) told the juvenile court that it was permissible to base a jurisdictional finding upon a preponderance of the evidence.
If the evidence had been insufficient to sustain a finding upon a reasonable doubt, we should have been compelled to reverse for new trial. But, as we have seen, the evidence was sufficient. Moreover, the trial record is free from error. The only possible error is the application of an incorrect standard of proof in weighing the evidence before signing the findings and order. Under Code of Civil Procedure section 43, an appellate court may "affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Italics added.) (6) Where there is no jury and no trial error requiring correction, it is appropriate to reverse a judgment with directions to the trial court to make findings and enter an *235 appropriate judgment without a new trial. (See Garden Grove Union etc. School Dist. v. Meier (1962) 206 Cal. App.2d 570 [24 Cal. Rptr. 53].) A similar procedure has been used in criminal cases where there is no necessity for a jury finding. An example is where the court has erroneously determined that as a matter of law the defendant was ineligible for probation; in such case it is appropriate to reverse the judgment with directions to determine the probation application on its merits and enter judgment accordingly. (People v. Wade (1959) 53 Cal.2d 322 [1 Cal. Rptr. 683, 348 P.2d 116]; People v. Southack (1952) 39 Cal.2d 578 [248 P.2d 12].) By following a similar procedure in the present case, we can avoid uselessly requiring the same judge to hear the same evidence a second time before determining the same issues of fact under the test required by Winship. Instead, the case can be returned to the position it occupied before the error possibly occurred; further proceedings complying with Winship can be set in motion.
The order is reversed with directions to make new findings and thereupon to take such further proceedings as may be appropriate.
Devine, P.J., and Rattigan, J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied July 1, 1970.