[Crim. No. 16915. Second Dist., Div. Five. Oct. 19, 1970.]

In re JOE R., a Person Coming Under the Juvenile Court Law.
KENNETH E. KIRKPATRICK, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
JOE R., Defendant and Appellant.

**COUNSEL**

Ralph M. Segura for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Blanche C. Bersch, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**AISO, J.**—On February 11, 1969, a petition alleging that appellant came within the provisions of Welfare and Institutions Code section 602 was filed in the juvenile court. The petition charged in two paragraphs that appellant had violated Penal Code section 242 (battery) by using force and violence upon the person of two named police officers. On February 20, 1969, the matter came to a hearing before a referee of the juvenile court and evidence was taken. The matter was then continued to February 21, 1969, at which time the referee without objection amended the petition to charge in paragraph III that appellant had violated Penal Code section 148 (interfering with an officer in the discharge of his duties). In her findings and order filed that day, the referee sustained paragraph III of the amended petition but not paragraphs I and II. The petition as a whole was sustained and an order declaring appellant a ward of the court under section 602 was entered March 7, 1969. An application for rehearing was denied. Appeal was taken from the "order and finding" made on March 7, 1969, and from the order denying a rehearing. ■ Since the order denying a rehearing is nonappealable, this portion of the appeal must be dismissed. (Welf. & Inst. Code, § 800; cf. *In re Conley* (1966) 244 Cal.App.2d 755, 760 [53 Cal.Rptr. 321].)

The order must be reversed because of the decision of the United States Supreme Court in *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]. (*In re Samuel Z.* (1970) 10 Cal.App.3d 565, 569 [89 Cal.Rptr. 246]; *In re Steven C.* (1970) 9 Cal.App.3d 255, 261-262 [88 Cal.Rptr. 97]; *In re Joseph G.* (1970) 7 Cal.App.3d 695, 704-705 [87 Cal.Rptr. 25], holding that *Winship* applies to cases pending on appeal.) We will discuss other matters likely to arise on rehearing.

A brief résumé of the facts in support of the petition is as follows:

On February 7, 1969, Los Angeles Police Officers Norman O'Malley and Robert J. Swan were on patrol on Angelina Street. They were in uniform and in a marked police vehicle. At approximately 11:15 p.m., the officers observed a car containing three female juveniles which was parked in front of 1320 Angelina Street. The officers questioned the girls as to their ages and their reasons for being out after curfew; they then suggested that the girls go home.

The girls, who lived at 1320 Angelina, started for their house. At this time a group of 15 to 25 juveniles came out of the same house. Three of the youths started walking eastbound; O'Malley stopped them to inquire about their ages and destination, as well as to inform them that it was after curfew.

Before O'Malley had asked the youths any questions, however, appellant came out of the crowd and approached O'Malley. As O'Malley was attempting to interview the other three youths, appellant made comments such as "Where are you doing [sic] with these guys, and what are you bothering them for," "Why are you bothering these guys for. These guys ain't done nothing." O'Malley asked appellant not to interrupt; however, he persisted in talking and interrupting, thereby rendering O'Malley unable to elicit the information which he sought from the other three youths.

O'Malley then decided to question appellant. He approached him and told him to come over to the car, whereupon appellant pushed O'Malley. O'Malley then took hold of appellant's arm, again told him to come over to the car, and then started walking toward the car with him. Appellant began using profane language, also saying "Leave me alone, you are not going to take me anywhere, I haven't done nothing, and what are you bothering me for." He then broke away from O'Malley.

A group of people had gathered nearby, and appellant ran toward this group. As appellant passed Swan, the latter reached out to stop him, whereupon he turned and hit Swan.

By this time, O'Malley was surrounded by a crowd of people who were pushing and threatening him. Swan ran back to the car and called for assistance on the car radio. Appellant started to run toward the house; O'Malley followed, with the crowd attempting to obstruct him and hold him back.

O'Malley caught appellant and began to take him back to the police car. He struggled with O'Malley, and hit O'Malley on the shoulders. O'Malley attempted to handcuff appellant, and the struggle continued until finally appellant was subdued. After several other officers had arrived, the disturbance was controlled.

█ 1. Appellant contends that he should have been granted a jury trial. However, both before and after *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], California courts have uniformly held that a jury trial is not constitutionally required in juvenile court proceedings. (*In re Daedler* (1924) 194 Cal. 320, 332 [228 P. 467]; *In re Dennis M.* (1969) 70 Cal.2d 444, 456-457 [75 Cal.Rptr. 1, 450 P.2d 296] [by implication]; *In re R.L.* (1970) *3 Cal.App.3d 707, 714 [83 Cal.Rptr. 81]; *In re T.R.S.* (1969) 1 Cal.App.3d 178, 182 [81 Cal.Rptr. 574].) *In re Steven C.* (1970) *supra,* 9 Cal.App.3d 255, 260-261 adhered to this rule holding that a different view was not compelled by *In re Winship* (1970) *supra,* 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]. In absence of authoritative holdings directing the contrary or a showing that a jury trial will

---

*Reporter's Note: Decision vacated by the Supreme Court which transferred the reinstated appeal to the Court of Appeal with directions. Decided January 13, 1971 by opinion certified for nonpublication.

█

better promote the goals of juvenile court proceedings than the current procedures, we accept the holdings of the foregoing cases.

2. Appellant next claims that the finding that he violated Penal Code section 148 violated due process since the "charge was not made." There is also some intimation that even the pleading as amended was defective since it did not expressly allege that the officers were discharging or attempting to discharge their official duties.

As noted earlier, at the time of the hearing on February 21, 1969, the referee ordered the amendment of the petition by adding a paragraph III to charge a violation of section 148. ■ Welfare and Institutions Code section 678 provides that the rules relating to variance and amendment of pleadings in the Code of Civil Procedure shall apply to juvenile court proceedings. The court has authority under the civil rules to amend pleadings to conform to proof (Code Civ. Proc., § 470), as long as the defendant has not been misled to his prejudice in maintaining his defense (Code Civ. Proc., § 469). ■ Assuming, however, that the rules pertaining to criminal pleadings and amendments must be applied to a criminal charge even though made in the juvenile court, we still find no error.

No objection to the amendment was made at the hearing when the amendment was ordered; the objection cannot be raised for the first time on appeal (*People* v. *Walker* (1959) 170 Cal.App.2d 159, 163-164 [338 P.2d 536]; cf. *People* v. *Franklin* (1962) 202 Cal.App.2d 528, 531 [21 Cal.Rptr. 29]), especially where no prejudice, e.g., inability to defend against the charge due to surprise, is shown (*People* v. *Janssen* (1965) 237 Cal.App.2d 363, 365-366 [46 Cal.Rptr. 866]).

■ The allegations of paragraph III were sufficient, in absence of any demurrer, to raise the issue whether the officers were in the course of discharging or attempting to discharge their official duties. "[W]hen a defendant is apprised in ordinary and concise language of the act which he is alleged to have committed in *violation of a specified code section*, the [accusatory pleading] is sufficient." (Italics added.) (*People* v. *Bishop* (1963) 220 Cal.App.2d 148, 150 [33 Cal.Rptr. 658]; cf. *People* v. *Docherty* (1960) 178 Cal.App.2d 33, 39 [2 Cal.Rptr. 722].)

■ 3. Appellant also claims that the evidence is insufficient to sustain the finding that he had violated Penal Code section 148 as charged in paragraph III. He argues that the finding in his favor on paragraphs I and II renders the finding on paragraph III unsupported by the evidence because of the logical inconsistency between those findings. ■ However, each count in a criminal pleading is considered separately when adequacy of the

supportive evidence is challenged. An acquittal on one count does not automatically require an acquittal on another even though the evidence adduced as to all the counts may be the same and the findings logically inconsistent. (Pen. Code, § 954; *People* v. *Kadison* (1966) 243 Cal.App.2d 162, 169 [52 Cal.Rptr. 114]; *People* v. *Goldstein* (1958) 158 Cal.App.2d 86, 89 [322 P.2d 253]; *People* v. *Witzel* (1957) 155 Cal.App.2d 486, 491-492 [318 P.2d 136].)

 The evidence is otherwise sufficient. In *People* v. *Powell* (1950) 99 Cal.App.2d 178, 182 [221 P.2d 117], the court stated: "Peace officers arriving on call at such a time and place and under such circumstances are continuously in the performance of their duty. A part of that duty consists in moving about among those present, arresting active disturbers of the peace, if such there be, and as to others letting their mere presence have its salutary effect. Anyone who then physically attacks one of them obstructs him in the performance of his duty." In the present case the officers were engaged "in the discharge" of their duties in the original questioning of the girls. They were justified in inquiring as to possible curfew violations and in warning the girls that it was not safe in light of recent disturbances in the neighborhood for them to be sitting in a car at that time of night. Since their actions were in reasonable discharge of their duties, the interference of appellant constituted a violation of Penal Code section 148 (cf. Pen. Code, § 834a).

4. We have also examined the other contentions (the legality of the arrest, the credibility to be properly accorded the officers' testimony, and the undue restriction of defense counsel's cross-examination) advanced by appellant in light of the record and the well established and familiar rules of law pertaining to these matters. We have concluded that there was no error as to any of them.

The appeal from the order denying rehearing is dismissed; the order of March 7, 1969, is reversed with directions to make new findings and thereupon to take such further proceedings as may be appropriate. (*In re C.D.H.* (1970) 7 Cal.App.3d 230, 235 [86 Cal.Rptr. 565].)

Kaus, P. J., and Stephens, J., concurred.