[Civ. No. 27478. First Dist., Div. Two. Nov. 23, 1970.]

In re KENNETH W., a Person Coming Under the Juvenile Court Law.
LEON A. BECKLEY, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
KENNETH W., Defendant and Appellant.

## COUNSEL

Mary E. Freitas, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AGEE, J.**—The within minor appeals from an order of the juvenile court adjudging him to be a ward thereof under Welfare and Institutions Code section 602, in that he had committed an armed robbery. (Pen. Code, § 211.)

■ Appellant's sole contention on appeal is that his guilt had been adjudged by the "preponderance of evidence" standard, as in civil cases, instead of the "proof beyond a reasonable doubt" standard, as in criminal cases.

The former was the proper standard prior to the decision of the United States Supreme Court on March 31, 1970 in *In re Winship,* 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068],[1] wherein it was held that proof beyond a reasonable doubt is a requisite to due process at the adjudicatory stage of a state juvenile court proceeding.

■ *Winship* applies to cases pending on direct appeal from the order or judgment therein. (*In re Steven C.* (1970) 9 Cal.App.3d 255, 262 [88 Cal.Rptr. 97]; *In re Joseph G.* (1970) 7 Cal.App.3d 695, 705 [87 Cal. Rptr. 25].)

■ The juvenile court herein clearly indicated when announcing its decision that it was applying the "preponderance of evidence" standard, stating that "It [the petition] may not be proved beyond a reasonable doubt in juvenile court, and this is simply the same proof as required in a civil case which is just within the scales and I think the people have produced sufficient testimony to warrant this court in sustaining the petition."

The failure of the court to apply the proper standard cannot be said to be error which is harmless, since it is evident that the decision might have gone the other way if the court had required that the allegations of the petition be proved beyond a reasonable doubt.

■ Appellant's failure to raise the aforesaid issue at the hearing is clearly excused in view of the fact that less than five months before said hearing the California Supreme Court had upheld the constitutionality of the preponderance of evidence standard established by Welfare and Institutions Code section 701. (*In re Dennis M., supra,* 70 Cal.2d at p. 460.) Appellant was not required to anticipate such change of law and is therefore not precluded from raising the issue on appeal. (*People v. De Santiago* (1969) 71 Cal.2d 18, 27-28 [76 Cal.Rptr. 809, 453 P.2d 353].)

We believe the order appealed from should be reversed and the cause remanded to the juvenile court for reconsideration of the existing record, in order to "avoid uselessly requiring the same judge to hear the same evidence a second time before determining the same issues of fact under the test required by *Winship.*" (*In re C. D. H.* (1970) 7 Cal.App.3d 230, 235 [86 Cal.Rptr. 565].) We further believe, however, that the parties should

---

[1]See *In re Dennis M.* (1969) 70 Cal.2d 444, 460 [75 Cal.Rptr. 1, 450 P.2d 296].

be permitted to present any additional evidence which they consider necessary to meet the standard of proof now applicable.

The order is reversed with directions to make new findings based on the present record augmented with additional evidence produced by the parties and thereafter to take such further proceedings as may be appropriate.

Shoemaker, P. J., and Taylor, J., concurred.