Filed 5/15/24  P. v. Ontiveros CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HARON ONTIVEROS<br><br>    Defendant and Appellant. | D082536<br><br><br>(Super. Ct. No. SCE211301) |

APPEAL from an order of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

### INTRODUCTION

In 2003, Haron Ontiveros was convicted by a jury of conspiracy to commit murder and first degree murder.  He was sentenced to prison.

Thereafter, Ontiveros filed a petition for resentencing under Penal Code section 1172.6.[1]  At the initial hearing, the court dismissed the petition for failing to state a prima facie case for relief.

Ontiveros appeals the court's order denying his section 1172.6 petition without an evidentiary hearing.  Because we conclude that Ontiveros is ineligible for relief under section 1172.6 as a matter of law, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The indictment charged Ontiveros (under the name of his a.k.a., "Juan Carlos Delatorre") and a codefendant, Michael William Flinner, with conspiracy to murder Tamara K. and with her murder.  The conspiracy count stated twenty-four overt acts, including:

> OVERT ACT NO.(12):  On or about June 11, 2000, between approximately 1232 hours and 1236 hours [Ontiveros] shot [Tamara K.] in the back of her head in a cul-de-sac located at Monterey Place, Alpine CA.

The murder count included special circumstances of lying in wait and financial gain as to both Ontiveros and his codefendant.[2]

In 2003, a jury convicted Ontiveros of first degree murder and conspiracy to commit murder, and found true the special circumstances of lying in wait and financial gain.  The court sentenced Ontiveros to life in prison without the possibility of parole.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    The indictment charged Ontiveros and his codefendant with other counts not relevant here.

2

In November 2022, Ontiveros filed a petition for resentencing under section 1170.95.[3] The court appointed counsel for Ontiveros and set the matter for an initial hearing. The People filed a response asking the court to deny the petition. The People argued that Ontiveros was not eligible for relief under section 1172.6 because Ontiveros was the direct perpetrator of the murder, as established by the charge of special circumstances murder and his conviction for murder with the allegations of lying in wait and committing the murder for financial gain. In his reply, Ontiveros argued that the prosecution failed to prove the specific theory which Ontiveros was convicted, and therefore the court should set an evidentiary hearing on the petition.

The court held a hearing on July 21, 2023. The court noted that it had reviewed the pleadings that had been filed in connection with the hearing, but that court had not reviewed the jury instructions because they were not available for its review. After hearing arguments, the court denied the petition, stating that:

> The nature of the special circumstances by law require that there was a finding of specific intent to kill as did the conviction for conspiracy. If there is specific intent to kill then Mr. Ontiveros is not entitled to relief as a matter of law. Not as a matter of fact-finding under 1172.6. I am denying the petition without an evidentiary hearing because the nature of the convictions themselves, considering those special circumstances, and that conspiracy count do require or did require a specific intent to kill, not aiding and abetting and not natural and probable cause and not felony murder.

---

[3] In 2022, "former section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)" (*People v. Curiel* (2023) 15 Cal.5th 433, 449.) For the remainder of this opinion, we will refer to this statutory provision as section 1172.6.

Ontiveros timely appealed.

## DISCUSSION

### A.  *Brief Summary of Section 1172.6*

Following Ontiveros's 2003 conviction, the Legislature narrowed the scope of liability for felony murder and abolished liability for murder based on the natural and probable consequences doctrine.  (See generally § 1172.6.) Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)   Senate Bill 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder.   (Stats. 2018, ch. 1015, §§ 2, 3.)

Amended section 188 states:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."   (§ 188, subd. (a)(3).)

Amended section 189 states:   "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:   [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.   [¶]  [or] (3) The person was a major participant in the

4

underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."   (§ 189, subd. (e).)

Senate Bill 1437 also established resentencing relief for eligible defendants.   (§ 1172.6, subd. (a); *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)   Under section 1172.6, subdivision (a), "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply:   [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.   [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437.

## B.   *Analysis*

We review the challenged order de novo.   (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)  We affirm if the judgment is correct, regardless of the trial court's reasoning. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976 ["even if the reason given by the trial court was erroneous," the judgment will be affirmed on appeal if the denial of the petition at the prima facie stage was correct]; *People v. Smithey* (1999) 20 Cal.4th 936, 972 [if the court's decision was correct under any legal theory, " ' " 'it must be sustained regardless of the considerations which may have moved the trial court to its conclusion' " ' "].)

5

We note that " 'absent a record of conviction that *conclusively establishes* that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question' " the allegations of the petition seeking relief under section 1172.6.  (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230, quoting *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)  However, as noted in *People v. Lewis* (2021) 11 Cal.5th 952, 971, at the prima facie stage, the court uses the record of conviction "to distinguish petitions with potential merit from those that are clearly meritless . . . as part of a single-step prima facie review process."  The court assumes that the facts alleged by the petitioner are true, but the court may deny resentencing "where the record of conviction contains facts *conclusively* refuting the allegations in the petition."  (*People v. Flores* (2022) 76 Cal.App.5th 974, 991.)

Ontiveros argues that because the trial court did not review and consider the jury instructions from his trial, there was no evidence to prove that the jury was properly instructed on the required "intent to kill" element of the offenses and therefore the convictions do not conclusively establish, without factfinding, that he was ineligible for relief as a matter of law.

1.     **Respondent's request for judicial notice is granted**.

As noted above, the trial court had not considered the jury instructions that were given at Ontiveros's trial because they were not available to the court at the time of the hearing on his petition.  On appeal, Respondent requests that pursuant to Evidence Code section 452, subdivision (d), we grant judicial notice of the jury instructions, which are contained in the records from our court's prior decision on direct appeal in *People v. Ontiveros* (June 23, 2006, D044146) [nonpub. opn.].  Ontiveros opposes this request, contending that we should not consider the instructions for the first time on appeal.

6

Appellate courts may take judicial notice of the records of their own cases under Evidence Code sections 452, subdivision (d), and 459. (See, e.g., *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 886 ["On our own motion, we take judicial notice of . . . the underlying appellate records" for the court's prior opinions]; *People v. Bilbrey* (2018) 25 Cal.App.5th 764, 769, fn. 7 [taking judicial notice of related appeal in writ proceeding]; *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 426, fn. 1 ["We take judicial notice of the record on appeal filed in this court in [prior appeal in same case]]".)

Here, the actual jury instructions from Ontiveros's trial are certainly part of the record of his conviction, and it would have been proper for the trial court to have considered them if they had been available to the court. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 ["the trial court here could rely on the jury instructions, which are part of the record of conviction, in assessing the prima facie showings"].) They are available to us, and for purposes of our de novo review, it is appropriate that we consider the instructions. Accordingly, we grant Respondent's request and take judicial notice of the jury instructions given at Ontiveros's trial.

2.     **The record of Ontiveros's conviction conclusively establishes that he is ineligible for resentencing as a matter of law.**

As an initial matter, we note that the record of conviction does not establish that Ontiveros was the actual killer of Tamara K. Although overt act number 12 stated that Ontiveros shot Tamara K., the jury verdict did not specify the overt act that it relied upon in finding him guilty of conspiracy to murder, and it was only required to find a single overt act to convict him of the conspiracy charge. (*People v. Bishop* (1963) 220 Cal.App.2d 148, 151.) In addition, both Ontiveros and Flinner were named in the murder charge, so the indictment does not specify which of them was the actual killer. Thus,

7

the record of conviction before us does not establish that Ontiveros actually killed Tamara K.

But that does not end our inquiry. Under section 189 as amended, Ontiveros could now be convicted of murder if, "with the intent to kill, [he] aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e).) If so, then relief under section 1172.6 would not be available to him, because he would be unable to establish that he "could not be convicted of first . . . degree murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437.

As to Ontiveros's conviction for conspiracy to commit murder, he is not eligible for relief under section 1172.6 as a matter of law. (See *People v. Whitson* (2022) 79 Cal.App.5th 22 (*Whitson*).) In *Whitson*, the court affirmed the denial of Whitson's petition at the prima facie stage as to his conviction for conspiracy to commit murder. The *Whitson* court relied on the plain language of the statute and the legislative history in concluding that "the Legislature did not intend to provide relief from convictions for conspiracy to murder through the filing of a petition" under section 1172.6. (*Whitson*, at p. 36; see also *People v. Medrano* (2021) 68 Cal.App.5th 177, 186 (*Medrano*) ["[a]ppellant's conviction of conspiracy to commit first degree murder rendered him ineligible as a matter of law [because it] established that he had not been 'convicted of . . . [first degree] murder under a natural and probable consequences theory' "].)

8

Similarly, as to Ontiveros's conviction for first degree murder, he is likewise not eligible for relief as a matter of law. In *Medrano*, the court considered a petition under 1172.6 filed by a petitioner who, like Ontiveros, had been convicted of conspiracy to commit murder and first degree murder. The court explained that although the jury had been instructed on the natural and probable consequences doctrine, the jury could not have found him guilty under this doctrine, but had instead concluded that he was a direct aider and abettor of the murder. (*Medrano, supra,* 68 Cal.App.5th at pp. 182-183.) The court explained that murder liability under the natural and probable consequences doctrine arises when a defendant aids and abets some target offense and then a murder (the nontarget offense) naturally and probably occurs as a result. In contrast, where a defendant is convicted of conspiracy to commit murder, the target offense is first degree murder; and thus it is not necessary to consider whether the murder resulted naturally from the commission of some other target crime. The court stated that " 'a conviction of conspiracy to commit murder requires a finding of intent to kill.' " (*Id.* at p. 184.) It further quoted *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 645 (*Beck*): " 'Beck and Cruz were charged with conspiracy to *murder*, not conspiracy to commit a lesser crime that resulted in murder. There is thus no possibility they were found guilty of murder on a natural and probable consequences theory.' " (*Medrano*, at p. 183.) As a result, the court in *Medrano* held that petitioner's conviction of conspiracy to commit first degree murder rendered him ineligible as a matter of law for relief as to his murder conviction. The conviction established that the petitioner "had not been 'convicted of . . . [first degree] murder under a natural and probable consequences theory.' " (*Id.* at p. 186.)

9

Our review of the jury instructions given to Ontiveros's jury confirms this view. Although in explaining implied malice, the court noted that malice can be implied when a killing results from an intentional act and "the natural consequences of the act are dangerous to human life," the instructions made clear that a conviction of first degree murder required a finding of "a clear, deliberate intent on the part of the defendant to kill . . . ." Further, the conspiracy instructions required the jury to find the specific intent to commit murder.

In *Whitson,* the appellate court reversed and remanded the denial of defendant's resentencing as to his murder conviction because the conspiracy instruction did not include the phrase " 'and with the further specific intent to commit [murder].' " (*Whitson, supra*, 79 Cal.App.5th at p. 32 & fn. 7.) "Had the jury been fully instructed with respect to conspiracy to murder, including the portion of the form instruction deleted, its guilty verdict would have encompassed the finding that Whitson intended to kill." (*Id.* at p. 32.) In contrast, here, the jury was instructed with the full instruction, without the omission noted in *Whitson*. Specifically, Ontiveros's jury was instructed that "[a] conspiracy to commit murder is an agreement entered into between two or more persons with the specific intent to agree to commit the crime of murder and with the further specific intent to commit that murder followed by an overt act . . . ." As noted in *Whitson*, this language confirms that the jury's guilty verdict as to conspiracy necessarily included its finding that Ontiveros intended to kill Tamara K.

In summary, because there is "no possibility [Ontiveros was] found guilty of murder on a natural and probable consequences theory," (*Beck, supra*, 8 Cal.5th at p. 645) Ontiveros is ineligible for resentencing under section 1172.6 as a matter of law.

10

## DISPOSITION

The order is affirmed.

KELETY, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

11